Taft, J.,
dissenting. The statutory provisions for tax exemption here involved require only that the property be “public property used for a public purpose.”
Where one public body owns land and leases it to another public body, it is obvious that the land does not thereby cease to be public property. While the elements of ownership may thereafter be partly vested in the lessor and partly in the lessee, if both lessor and lessee are public bodies, there will certainly be nothing but a public ownership of the property.
Since admittedly both the lessor and the lessee in the instant case are public bodies, then it necessarily follows that the property for which tax exemption is sought in the instant case is public property.
*374 If the question were presented to us for decision, I believe that it would be debatable whether the use here made of this property by the agencies of the federal government was a use for a public purpose. However, that question is not before us since both parties concede that such use was for a public purpose.
We have therefore a situation where the only uses made of the property for which tax exemption is sought were uses for admittedly public purposes.
Thus, since the property was public' property and used only for public purposes, it comes squarely within the words of the statute providing for tax exemption.
The question of whether the use by someone other than the lessor is a use incidental to a use by the lessor for public purposes may be important, as in City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, 54 N. E. (2d), 656, either where such use by one other than the lessor is a commercial or nonpublic use or where such one other than the lessor is not a public body. However, to say that use by a 'lessee public body for a public purpose must be a use incidental to a use for a public purpose by a lessor-public body, is to read into the statute requirements-which it does not contain. The rule of strict construction of statutory and constitutional provisions for tax .exemption certainly does not justify a court in adding to such statutory or constitutional provisions requirements which are not called for by their words.